IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                   No. 2:23-cr-01679-MIS-DLM

THEODORE IAN CHAVEZ, IV,

    Defendant.

**ORDER**
**DENYING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS**

**THIS MATTER** is before the Court on Defendant Theodore Ian Chavez, IV's Motion to Suppress Statements, ECF No. 39, timely filed January 16, 2024. The United States filed a Response with Exhibits on January 30, 2024. ECF No. 47. No Reply was filed.

Upon due consideration of the Parties' submissions, the record, and the relevant law, the Court will **DENY** Defendant's Motion to Suppress.

**I.    BACKGROUND**

The following facts are taken from the F.B.I. Advice of Rights and Waiver signed by Theodore Ian Chavez, IV, ECF No. 41-1, Video Recording of Interview of Theodore Ian Chavez, IV, August 8, 2023, ECF No. 47-2, and Transcript of Interview of Theodore Ian Chavez, IV, August 8, 2023, ECF No. 47-3.

F.B.I. Special Agents David Gabriel and James Scott interviewed Defendant Theodore Ian Chavez, IV while he was in custody on August 8, 2023. ECF No. 47-3 at 2-3. Special Agents Gabriel and Scott informed Mr. Chavez that he was in custody and then asked him to read a statement of his *Miranda* rights aloud. *Id.* at 5-9. After the opportunity to ask any questions, Mr. Chavez indicated that he understood his rights, agreed to waive his rights, and signed a statement

affirming such. *Id.*; *see also* ECF No. 47-1. At no time in the 1 hour 19 minutes interview did Mr. Chavez request for an attorney to be present. *See* ECF No. 47-2; ECF No. 47-3.

On January 16, 2024, Mr. Chavez filed the instant Motion to Suppress the statements he made during the interview, in which he requests an evidentiary hearing. ECF No. 39 ¶ 6.

## II.     STANDARD OF REVIEW

No person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. To safeguard a defendant's Fifth Amendment rights, a confession is only admissible when the defendant is given *Miranda*[1] warnings and the statement is voluntary. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986); *Dickerson v. United States*, 530 U.S. 428, 444 (2000). Without some challenge to the voluntariness of a confession, "the Constitution does not require a voluntariness hearing." *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977) (citing *Jackson v. Denno*, 378 U.S. 368, 376-377 (1964)). As a general matter, once a defendant raises any colorable issue of a *Miranda* violation, the Government bears the burden to prove by a preponderance of evidence that any confession was voluntary and that a waiver of rights was valid. *See Colorado v. Connelly*, 479 U.S. 157, 168 (1986) ("Whenever the State bears the burden of proof in a motion to suppress a statement that the defendant claims was obtained in violation of our *Miranda* doctrine, the State need provide waiver only by a preponderance of the evidence.") (citations omitted). A *Miranda* waiver is effective when it is made "voluntarily, knowingly, and intelligently." 384 U.S. at 444.

## III.     DISCUSSION

In his Motion to Suppress Statements, Defendant avers no facts and presents no substantive argument or evidence supporting suppression of his statement. *See* ECF No. 39. Rather, Defendant

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

only argues that "[e]ven if Mr. Chavez did agree to waive his rights and speak with agents, the Government has the burden of proving that the waiver of his *Miranda* rights was knowing and voluntary." ECF No. 39 ¶ 4 (citing *Moran*, 475 U.S. at 421; *Edwards v. Arizona*, 451 U.S. 477 (1981); *Miranda*, 384 U.S. at 475).

The Court initially finds that Defendant does not present a colorable issue of fact requiring an evidentiary hearing. Defendant raises no disputed facts or any specific issue to be addressed other than a generalized assertion that the United States must meet its burden. *Id.* ¶¶ 3-5. Defendant's request for evidentiary hearing on his Motion to Suppress Statements is therefore DENIED.

The Court further finds that the United States established by a preponderance of the evidence that Defendant made his statements voluntarily, knowingly, and intelligently. Special Agents Gabriel and Scott made Defendant aware of the allegations against him, informed him of his rights, and gave him opportunity to assert those rights. *See* ECF No. 47-3 at 2-9. Defendant does not contest that he signed the waiver of *Miranda* rights voluntarily. *See* ECF No. 39 ¶¶ 3-5. Without any facts contested by the Defendant, the Court finds that the United States met their burden of proof to show that Defendant was not compelled to provide witness against himself.

### IV.   CONCLUSION

For the foregoing reasons, Defendant Theodore Ian Chavez, IV's Motion to Suppress Statements, ECF No. 39, is **DENIED**.

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE