IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

THEODORE IAN CHAVEZ, IV,

    Defendant.

Case No. 2:23-cr-01679-MIS

## ORDER DENYING MOTION FOR RELIEF REGARDING GOVERNMENT INTERFERENCE

**THIS MATTER** is before the Court on Defendant Theodore Ian Chavez, IV's Motion for Relief Regarding Government Interference, ECF No. 94, filed February 28, 2024, the third day of trial. Because the Motion is untimely, the Court need not wait for a response.

Defendant asks the Court to sanction the Government because FBI Special Agent David Gabriel encouraged a witness—the alleged victim in this case ("Jane Doe")—to not speak with defense counsel, and to call Special Agent Gabriel if she was contacted by someone claiming to be defense counsel, "because defense counsel might try and trick her into helping [Defendant] escape responsibility." Id. at 2. He argues that the defense attempted to interview Jane Doe, and she initially agreed, but prior to the interview "she stated she already previously provided a statement." Id. He argues that "at trial, Ms. Doe confirmed she was instructed not to speak to defense counsel." Id. He claims that Special Agent Gabriel's alleged conduct constitutes improper interference with the defense's access to witnesses, and results in a violation of his right to due process. Id. at 1-2.

The transcript of Special Agent Gabriel's interview with Jane Doe reveals the following exchange:

> SPECIAL AGENT GABRIEL ("GABRIEL"):   . . . Um, eventually, he'll have his own defense attorney, right?
>
> JANE DOE ("DOE"):   Right.
>
> GABRIEL:   And they'll probably want to talk to you. You do not have to talk to them.
>
> DOE: Uh-huh.
>
> GABRIEL:   Because you didn't – you don't even have to talk to us anymore if you don't want to. This is, you know, all voluntary. I would, uh – but if anybody reaches out to you, uh, and wants to talk to you about it and you're not sure who they are, call me, and I can find out who they are.
>
> And then it's your decision. If you want to talk to him and talk to his attorney, I can't stop you. I would encourage you not to. That's your right and your choice.
>
> But if you would, you know, at least let me make sure that you know who you're talking to so that nobody can try and trick you in a way that, you know, helps him escape responsibility. All right?

Tr. of Partial Interview of Jane Doe at 17:7 – 18:1 (Aug. 8, 2023).

The Court finds that the Motion is untimely. Pursuant to the Court's Standing Order on Deadlines and Procedures for Criminal Trials, all unresolved issues are required to be addressed at the pretrial conference. See Standing Ord. on Deadlines and Proc. for Crim. Trials ¶ H(1), available at https://www.nmd.uscourts.gov/content/honorable-margaret-i-strickland (last visited Feb. 28, 2024). Defendant filed the instant Motion on the third day of trial. Defendant does not argue that Special Agent Gabriel's statement to Jane Doe is "newly discovered evidence," nor could he. Special Agent Gabriel made the at-issue statement to Jane Doe on August 8, 2023—two days after the incident giving rise to this case, see ECF No. 1 ¶ 4—in a recorded interview with Jane Doe. The Court knows that the defense had a recording of that interview prior to the pretrial conference because it included it on the Exhibit List it filed February 20, 2024, ECF No. 80, Ex.

O, two days before the pretrial conference, see ECF No. 91. Because the defense was in possession of Special Agent Gabriel's alleged statement to Jane Doe prior to pretrial conference, the instant Motion—filed on the third day of trial—is untimely. Cf. United States v. Dill, 693 F.2d 1012, 1015 (10th Cir. 1982) (finding that the district court did not err in denying as untimely the defendant's request during trial to assert defenses set forth in Federal Rules of Criminal Procedure 12(a) and (b)); United States v. Kim, 307 F. App'x 324, 327 (11th Cir. 2009) (finding that the district court did not abuse its discretion by denying as untimely the defendant's motion for severance made on the third day of trial).

Therefore, it is **HEREBY ORDERED** that Defendant's Motion for Relief Regarding Government Interference, ECF No. 94, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE